UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

TENNESSEE CLEAN WATER NETWORK, )
et al., )
 )
       Plaintiffs, )
 )
v. ) No. 3:05-CV-214
 ) (VARLAN/GUYTON)
GALE A. NORTON, et al. and, )
NATIONAL COAL CORPORATION, )
 )
       Defendants. )

## MEMORANDUM AND ORDER

This matter is before the undersigned, pursuant to referral from District Judge Thomas Varlan [Doc. 79], for consideration and determination of the plaintiffs' Motion For Leave To Take Deposition [Doc. 72]. The Court conducted a hearing on the said motion on July 26, 2005, and the parties have fully briefed the issues raised.

The plaintiffs seek an order allowing them to depose Wilfred Klimas ("Klimas"), a representative of the Office of Surface Mining Reclamation and Enforcement. [Doc. 72]. Plaintiffs argue that the testimony of Klimas: (1) "may help the Court understand the threat" to the plaintiffs' health or safety allegedly posed by the location of sediment basin DNB-8; (2) "might help both the Court and plaintiffs understand what might be a suitable and effective remedy on Preliminary Injunction"; (3) is needed "regarding the circumstances of the inclusion of Special Condition 17d in the Revised Successor-in-Interest Permit" in support of plaintiffs' allegations of bad faith; and (4) generally is relevant to the other issues raised by the plaintiffs in this litigation. [Doc. 98; Doc. 102].

The defendants argue that the plaintiffs have no right to depose Klimas, asserting that the plaintiffs' claims are limited to a review of the administrative record. Moreover, the defendants say that the Court has no jurisdiction over the issues for which plaintiffs seek discovery, and that Klimas's views and opinions have no relevancy, particularly since he is in enforcement. [Doc. 90; Doc. 100].

The defendants argue – and the Court agrees – that in order for the plaintiffs to take the deposition of an agency official in a case governed by the Administrative Procedure Act ("APA"), the plaintiffs must first make a "strong showing of bad faith or other improper behavior." This law is well-settled. Citizens To Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 901 S.Ct. 814, 825-26, 28 L.Ed.2d 136 (1971); Sierra Club v. Slater, 120 F.3d 623, 638 (6th Cir. 1997). The plaintiffs also recognize this requirement of making a "strong showing of bad faith," and they have presented argument on the issue. [Doc. 98].

The Court certainly can understand why the plaintiffs would want to depose Klimas over the range of matters listed by the plaintiffs in the Outline of Deposition Questions marked as Ex. A to the plaintiffs' July 26, 2005 oral argument. The Court, however, must find that the plaintiffs have not made a strong showing of bad faith or other improper behavior so as to create the rare circumstance for ordering the deposition of Klimas. Nor can the Court find any other basis upon which to order the deposition of Klimas. Accordingly, the plaintiffs' Motion For Leave To Take Deposition [Doc. 72] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

2