UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TENNESSEE CLEAN WATER NETWORK, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:05-CV-214 (VARLAN/GUYTON) |
| GALE A. NORTON, et al. and, NATIONAL COAL CORPORATION, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned, pursuant to referral from District Judge Thomas Varlan [Doc. 126], for consideration and determination of the plaintiffs' Motion For Leave To Take Deposition [Doc. 123]. The parties have fully briefed the issues raised.

The plaintiffs seek an order allowing them to depose Tim Rudder ("Rudder"), a representative of the U.S. Office of Surface Mining Reclamation and Enforcement. Plaintiffs further request, "if necessary" following the deposition of Rudder, the depositions of Phil Boggs, of National Coal Corporation, and a second, yet unidentified official of the U.S. Office of Surface Mining Reclamation and Enforcement. [Doc. 124]. Plaintiffs argue that the testimony of Rudder, and possibly others, is needed to obtain "discovery regarding changes to the transportation plan, landslides and continued use of the haul road before proceeding further in this matter." [Doc. 124]. Plaintiffs, in support of this request, argue that the record in this case demonstrates bad faith, thus providing justification for the granting of leave to take depositions.

The defendants argue that the plaintiffs have no right to depose Rudder, asserting that the plaintiffs' claims are limited to a review of the administrative record. Moreover, the defendants say that the Court has no jurisdiction over the issues for which plaintiffs seek discovery, and that Rudder's views and opinions have no relevancy, particularly since he is in enforcement. [Docs. 125 and 127].

The defendants also argue – and the Court agrees – that in order for the plaintiffs to take the deposition of an agency official in a case governed by the Administrative Procedure Act ("APA"), the plaintiffs must first make a "strong showing of bad faith or other improper behavior." This law is well-settled. <u>Citizens To Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 420, 901 S.Ct. 814, 825-26, 28 L.Ed.2d 136 (1971); <u>Sierra Club v. Slater</u>, 120 F.3d 623, 638 (6th Cir. 1997). The plaintiffs also recognize this requirement of making a "strong showing of bad faith," and they have presented argument on the issue. [Doc. 128]. Further, defendants argue that the plaintiffs' allegations of bad faith rely on statements made after the agency's decision that is the subject of this action. [Doc. 125]. In reply, plaintiffs assert that there may be reasons other than bad faith to justify going beyond the administrative record. [Doc. 128].

The Court finds that the plaintiffs have not made a strong showing of bad faith or other improper behavior so as to create the rare circumstance for ordering the deposition of Rudder. Nor can the Court find any other basis upon which to order the deposition of Rudder. Accordingly, the plaintiffs' Motion For Leave To Take Deposition [Doc. 123] is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

2