UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TENNESSEE CLEAN WATER NETWORK, *et al.*, | ) |   |   |
|---|---|---|---|
|   | ) |   |   |
| Plaintiffs, | ) |   |   |
|   | ) |   |   |
| v. | ) | No.: | 3:05-CV-214 |
|   | ) |   | (VARLAN/GUYTON) |
| DIRK KEMPTHORNE, *et al.*, | ) |   |   |
|   | ) |   |   |
| Defendants. | ) |   |   |

## MEMORANDUM AND ORDER

This civil action is before the Court on the plaintiffs' motion and amended motion for leave to file amended and supplemental complaint [Docs. 134, 136]. The plaintiffs seek leave, pursuant to Fed. R. Civ. P. 15, to file an amended complaint to address "transactions, events or occurrences which have occurred since the Complaint in this action was filed April 22, 2005." [Doc. 134-2.] Plaintiffs contend that defendants can show no prejudice resulting from the proposed amended complaint and that defendants have been on notice of these potential new claims for some time. Both the federal defendants (Dirk Kempthorne, Assistant Secretary of the United States Department of the Interior, Brent Wahlquist, Director of the U.S. Office of Surface Mining Reclamation and Enforcement ("OSM"), and Tim Dieringer, Director of the Knoxville Field Office of OSM) and defendant National Coal Corporation ("NCC") have vigorously opposed the plaintiffs' motion and the issues have been thoroughly briefed [Docs. 134, 136, 141, 142, 144, 145, 149].

I.

As the parties are aware, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend should be denied when the amendment would be futile because it would not withstand a motion to dismiss. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001); *Stohler v. Menke*, 998 F. Supp. 836, 838 (E.D. Tenn. 1997). The original complaint was filed April 22, 2005, asserting seventeen counts against the federal defendants [Doc. 1].[1] All but one count asserted claims under the National Environmental Policy Act (NEPA); the remaining count, Count I, asserted a claim under the Surface Mining Control and Reclamation Act (SMCRA) and was dismissed pursuant to the defendants' motion for partial dismissal [Doc. 117].

As best as can be determined by the Court, the plaintiffs' proposed amended complaint contains revisions to Counts XI and XII, and newly added Counts XVII through XXII. Revised Counts XI and XII and new Counts XVII, XVIII, and XIX are asserted against the federal defendants. New Counts XX, XXI, and XXII are asserted against NCC.[2] The Court will attempt to first address the new and the revised claims asserted against the federal defendants and then address the new claims asserted against NCC.

---

[1]Although NCC was named as a defendant, none of the original NEPA claims were asserted against NCC.

[2]Since the completion of the briefing on plaintiffs' motion, the plaintiffs have notified the Court and opposing parties that they no longer intend to pursue Count XXI of the proposed amended complaint. [Doc. 151.] Accordingly, the Court will only address the propriety of proposed Counts XX and XXII against NCC.

## II.

A. <u>Claims Against Federal Defendants</u>

1. Proposed Counts XVII, XVIII, and XIX

As outlined in the defendants' response [Doc. 141], the proposed amended complaint seeks to amend the allegations in Counts XI and XII and to add three counts under SMCRA, Counts XVII, XVIII, and XIX. The defendants first argue that plaintiffs' motion to add Counts XVII, XVIII, and XIX should be denied because the plaintiffs failed to exhaust their administrative remedies as to these claims and therefore the Court lacks jurisdiction to consider them. Defendants argue that any claims under 30 U.S.C. §§ 1271(a)(2) and 1271(a)(3), such as Counts XVII and XVIII, must first be appealed to the Secretary for review as a jurisdictional prerequisite before judicial review under section 1276. Defendants assert that plaintiffs' claims in Counts XVII and XVIII are challenges to OSM's notices of violation (NOVs) or cessation orders (COs) or the modifications of NOVs by extension of abatement deadlines. Because the plaintiffs failed to seek administrative review of the NOVs, COs, or the modifications to NOVs under 43 C.F.R. § 4.1160, the plaintiffs' request for judicial review is barred.

Defendants further argue that plaintiffs cannot pursue Count XIX because SMCRA provides no basis for subject matter jurisdiction for a claim that the agency failed to act under section 1271(a)(4). 30 U.S.C. § 1276. Defendants contend that the Administrative Procedures Act (APA) does not provide jurisdiction for review of the alleged failure to take enforcement steps under the provisions for finding a pattern and practice of violations.

Finally, defendants argue that citizen suits under SMCRA are limited to actions to compel compliance by the Secretary to perform a non-discretionary act or duty. Since OSM has issued NOVs and COs, there is no failure by the Secretary to perform any mandatory duty and the Court lacks jurisdiction.

The plaintiffs respond that neither SMCRA nor its regulations require them to exhaust administrative remedies. Plaintiffs suggest that section 1275 of SMCRA and 43 C.F.R. § 4.1161 allow for permissive administrative review and do not constitute a jurisdictional bar. Plaintiffs also argue that OSM's failure to provide copies of NOVs or COs or notice of extended abatement dates to parties other than alleged violators and governmental entities prohibits OSM from relying on the exhaustion doctrine.

Plaintiffs contend that their proposed SMCRA counts are authorized pursuant to the APA and the citizen suit provisions of SMCRA, 30 U.S.C. § 1270(a)(2), rather than section 1276(a)(2) of SMCRA. Because the Sixth Circuit presumes that agency actions within the meaning of the APA are judicially reviewable, OSM cannot rebut this presumption because SMCRA and its implementing regulations provide strict enforcement guidelines that place a duty on the Secretary to act whenever he identifies a pattern of violations. Plaintiffs argue that section 1270(a)(2) provides an independent basis for jurisdiction over proposed Counts XVII and XVIII because those counts involve mandatory duties unlawfully withheld.

As set forth in their surreply, the federal defendants argue that all courts which have considered the issue have unanimously determined that claims brought under SMCRA sections 1271(a)(2) or (a)(3) must be administratively exhausted under 30 U.S.C. § 1275

before this Court has jurisdiction. With respect to plaintiffs' argument that they did not receive copies of the NOVs, the defendants point out that the regulations specifically provide that persons not served with the documents shall file an application for review within 40 days of the date of the issuance of the document. 43 C.F.R. § 4.1162(a). Defendants also argue that the administrative review provided under section 1275 of SMCRA constitutes a "proceeding required to be conducted pursuant to section 554 of Title 5 [of the APA]." 30 U.S.C. § 1276(a)(2). Defendants argue that the presumption against judicial review of an agency's refusal to take enforcement steps has been applied by the Sixth Circuit in appropriate cases. Finally, defendants argue that the mandatory requirements of SMCRA do not come into play until after the Secretary exercises discretion to reach a conclusion about the need for action.

Having considered all the authorities cited by both parties and the arguments presented, the Court is constrained to agree with the federal defendants. The Sixth Circuit has clearly held that "SMCRA unambiguously requires resort to the prescribed administrative review process before seeking judicial review." *Southern Ohio Coal Co. v. Office of Surface Mining, Reclamation & Enforcement*, 20 F.3d 1418, 1425 (6th Cir. 1994). The plaintiffs' attempts to distinguish this authority are unavailing. Thus, the plaintiffs' failure to seek administrative review of the claims in Counts XVII and XVIII bars their request for judicial review of those claims.

Further, as the defendants have argued, the presumption against judicial review of an agency's refusal to take enforcement steps precludes consideration of plaintiffs' claims in

Count XIX. As noted by the Sixth Circuit, this presumption was established by the Supreme Court in *Heckler v. Chaney*, 470 U.S. 821, 832 (1985), when it held that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)." *See Ohio Public Interest Research Group, Inc. v. Whitman*, 386 F.3d 792, 797 (6th Cir. 2004). In the absence of any statutory guidance by which to judge OSM's failure to determine that a pattern of violations exists, 30 U.S.C. § 1271(a)(4), the presumption against judicial review is applicable and bars plaintiffs' proposed Count XIX.

2. Amended Counts XI and XII

Defendants argue that plaintiffs' proposed amendments to Counts XI and XII, both NEPA claims, fail because there is no final agency decision on permit revision No. 14 and therefore the Court has no jurisdiction to consider claims concerning such revision. Defendants note that judicial review of agencies' NEPA decisions is available only under the APA and the APA only permits review of a final agency action.

Plaintiffs respond that proposed amended Counts XI and XII challenge agency inaction as opposed to final agency action. Relying on *Southwest Williamson County Community Ass'n v. Slater*, 173 F.3d 1033, 1037 (6th Cir. 1999), plaintiffs contend that a district court must reject a jurisdictional challenge predicated on the absence of final agency action when a plaintiff alleges a colorable claim of agency inaction under section 706(1) of the APA.

The plain language of 5 U.S.C. § 706(1) provides that a reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." This language appears to mean

6

what it says and allows a limited review of an agency's failure to take a discrete action that it is required to take. *See Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *Southwest Williamson County Community Ass'n*, 173 F.3d at 1037. Thus, it appears that plaintiffs can allege a violation of NEPA by OSM's failure to take certain actions. The Court declines to address at this juncture whether such a claim will be successful. Accordingly, the plaintiffs' motion to amend Counts XI and XII will be granted.

  B. <u>Claims Against NCC</u>

As noted above, the plaintiffs' proposed amended complaint asserts two new claims against defendant NCC, Counts XX and XXII. Count XX asserts a claim under SMCRA and Count XXII asserts a claim under the Clean Water Act (CWA). NCC vigorously opposes the plaintiffs' proposed amendments on several grounds. NCC argues that the plaintiffs have unduly delayed pursuing the proposed amendments and that the new claims against NCC do not fit into Fed. R. Civ. P. 15(d) because the alleged violations occurred before April 22, 2005, when the original complaint was filed. NCC also argues that it would be unduly prejudiced by the amendments which would transform the case from a record review case under NEPA to add two new statutory claims against NCC. NCC notes that the parties would have to expend considerable resources to conduct discovery and prepare for trial on the new claims.

NCC argues that the new claims are futile because the Court has no jurisdiction over citizen suit claims addressing the failure to perform non-discretionary acts. NCC contends that the plaintiffs failed to comply with the notice of intent provisions of SMCRA and the

CWA. NCC also contends that plaintiffs' issuance of recent NOIs, after this lawsuit had commenced, failed to provide the defendants with a non-adversarial notice period.

In response, the plaintiffs point out that federal courts liberally grant leave to amend and that the same principles apply to supplemental pleadings. The plaintiffs argue that they have moved expeditiously throughout this litigation. Plaintiffs also argue that both the SMCRA and the CWA claims are timely and that there is no prejudice to NCC in adding the claims related to Dan Branch since NCC has had notice of the facts related to those claims. Plaintiffs contend that they have provided adequate notice of intent to pursue claims under the CWA and SMCRA and that the non-adversarial period does not apply to these proposed amendments. Finally, plaintiffs argue that the claims against NCC are not foreclosed because there has been no court enforcement action by either TDEC or OSM.

After considering all of the arguments and the authorities cited, the Court agrees that plaintiffs may amend the complaint to add Counts XX and XXII. While the multiple notices covering numerous issues sent by the plaintiffs are somewhat confusing, the letters sent December 5, 2005, August 4, 2005, and March 18, 2005 [Doc. 142, Exs. 6, 8,9] satisfy the minimum notice requirements of the CWA and SMCRA. 40 C.F.R. § 135.3; 30 C.F.R. § 700.13(e). With respect to NCC's argument regarding a non-adversarial period, the Court notes an absence of case law from the Sixth Circuit addressing this issue in the context of an amended complaint as opposed to an initial complaint. It is undisputed that the motion to amend was filed more than 60 days after the notices of intent were sent to NCC. Thus, in agreement with the authorities cited by the plaintiffs, the Court looks to the motion to amend

8

to decide whether the proposed amended complaint complies with the notice and delay provisions of SMCRA and the CWA. *See e.g.*, *College Park Holdings, LLC v. Racetrac Petroleum, Inc.*, 239 F. Supp. 2d 1322, 1330 (N.D. Ga. 2002); *The Clorox Co. v. Chromium Corp.*, 158 F.R.D. 120, 125-126 (N.D. Ill. 1994); *Zands v. Nelson*, 779 F. Supp. 1254, 1258-59 (S.D. Cal. 1991). Finally, the Court does not find a basis to conclude that plaintiffs' claims are precluded since there is no court enforcement action by OSM or TDEC. 30 U.S.C. § 1270(b)(1); 33 U.S.C. § 1365(b)(1); *Jones v. City of Lakeland, Tennessee*, 224 F.3d 518, 522 (6th Cir. 2000). Thus, the plaintiffs' motion to amend to add Counts XX and XXII as to NCC will be granted.

### III.

For the reasons set forth herein, the plaintiffs' motion to amend [Docs. 134, 136] is **GRANTED in part and DENIED in part** as follows: plaintiffs' proposed amendments to Counts XI, XII, XX, and XXII are **GRANTED** and plaintiffs' proposed amendments to Counts XVII, XVIII, and XIX are **DENIED**. The plaintiffs are directed to file a complete, amended and restated complaint in compliance with this opinion and L.R. 15.1 within twenty (20) days of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE